IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00959-WYD-KMT

MICHAEL A. CARANZA,

    Plaintiff,

v.

KENNETH ROBINSON, State Hospital Police Officer

    Defendant.

---

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**

---

On May 23, 2007, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915* [Doc. No. 8]. Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. *Harris v. Colorado Dept. of Corrections*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. December 19, 2000).

In the Order granting Plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed to either make the required monthly payments or to show cause **each month** why he has no

assets and no means by which to make the monthly payment. In order to show cause, Plaintiff was directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.

Plaintiff filed paid $2.28 on August 7, 2007 [Doc. No. 18] and $21.89 on September 25, 2007 [Doc. No. 22]. Plaintiff has failed to make the required monthly payment or show cause why he has no assets and no means by which to make the monthly payments for the months of October 2007, November 2007, December 2007, January 2008, February 2008, and March 2008.

It is not acceptable for Plaintiff to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause. Such a procedure unreasonably burdens the court. Consequently, hereafter I will require Plaintiff, by the **15th day** of **each** month and without any further notice from or order of the court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.

Plaintiff is advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). If Plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in

full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing Plaintiff to proceed *in forma pauperis*.

IT IS ORDERED that on or before **March 31, 2008**, Plaintiff shall make the required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of October 2007, November 2007, December 2007, January 2008, February 2008, and March 2008.

IT IS FURTHER ORDERED that by the **15th day** of **each** month hereafter Plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the Plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

Dated this 24th day of March, 2008.

                                                              s/ Kathleen M. Tafoya
                                                               United States Magistrate Judge